**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| SUMMIT HEALTHCARE OPERATING PARTNERSHIP, L.P., and FANTASIA INVESTMENT III, LLC, | § § § § § | |
| *Plaintiffs,* | § | Civil Action No. 4:26-cv-331 |
| | § | |
| vs. | § | |
| | § | |
| ACCURA HEALTHCARE OF BANCROFT, LLC; ACCURA HEALTHCARE OF CARROLL, LLC; ACCURA HEALTHCARE OF CRESCO, LLC; ACCURA HEALTHCARE OF MARSHALLTOWN, LLC; ACCURA HEALTHCARE OF MILFORD, LLC; AND ACCURA HEALTHCARE OF SPIRIT LAKE, LLC, | § § § § § § § § § § | |
| *Defendants.* | § | |

**MOTION FOR LEAVE TO FILE EXHIBIT UNDER SEAL**

Plaintiffs SUMMIT HEALTHCARE OPERATING PARTNERSHIP, L.P., and FANTASIA INVESTMENT III, LLC ("Plaintiffs"), by and through undersigned counsel, respectfully moves this Court, pursuant to Local Rule 5.2 of the Local Rules of the United States District Court for the Southern District of Iowa and Federal Rule of Civil Procedure 5.2, for leave to file Exhibit C to the Complaint under seal.  In support of this Motion, Plaintiffs show as follows:

Contemporaneously with this Motion, Plaintiffs are filing a Complaint against Defendants. Exhibit C to the Complaint (the "Exhibit") is an investment transaction contract, central to claims set forth in the Complaint, that contains commercially sensitive transaction information and is subject to a confidentiality provision that prohibits Plaintiffs from publicly disclosing the document. As fully explained in the Complaint, Defendants are attempting to assert rights as a third-party beneficiary to the contract based on a previous, mutually agreed partial disclosure of terms. Through this action, among other relief requested, Plaintiffs are seeking declaratory relief against with respect to the terms of the contract.

Plaintiffs' request here is narrowly tailored: it seeks to seal only that specific Exhibit and does not seek to seal the Complaint, the docket, or any other filing in this matter. Plaintiffs have considered not attaching the Exhibit to the Complaint, but believes that it would serve the interests of justice and expediency of these proceedings by providing the Court and Defendants the entirety of the document at the outset of this action.

In deciding whether to seal documents containing confidential information, courts in this district consider six factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing

disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Sec. Nat'l Bank of Sioux City, Iowa v. Abbott Lab'ys*, No. C 11-4017-MWB, 2014 WL 12603512, at *1 (N.D. Iowa Mar. 3, 2014). Confidential business information may be an appropriate basis for sealing an exhibit. *See, e.g., id.; Jochims v. Isuzu Motors, Ltd.*, 151 F.R.D. 338, 341-342 (S.D. Iowa 1993).

Here all six factors weigh in favor of granting this Motion. The first factor supports granting the Motion because there is no need for public access to the Exhibit at this stage of the proceedings. The second factor supports granting the Motion because there has been no previous public access to the Exhibit. The fourth factor supports granting the Motion because of the signatories' express privacy interests as reflected in the confidentiality term. The fifth factor supports granting the Motion because Plaintiffs would be prejudiced by public disclosure through incurring potential liability to their contractual counterparties. The sixth factor supports granting the Motion because the purpose for sealing the Exhibit is limited in nature and for the purpose of facilitating efficient resolution of this dispute.

As to the third factor, the undersigned will contact counsel for Defendants promptly upon the filing of the Complaint and this Motion to request consent to filing under seal. The undersigned will promptly update the Court regarding Defendants' position.

Accordingly, Plaintiffs request that the Exhibit be filed under seal and that access be restricted to the Court and the parties to this action.  Plaintiffs do not request that any other portion of the Complaint, or the case as a whole, be sealed.  Plaintiffs further propose that this sealing order remain in effect for the duration of this litigation, or until further order of the Court.

## 5. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant this Motion and permit Exhibit C to the Complaint to be filed under seal.

Dated: August 10, 2026                     Respectfully submitted.

/s/ Alan R. Ostergren
**Alan R. Ostergren**
Alan R. Ostergren, PC
500 East Court Avenue, Suite 420
Des Moines, Iowa 50309
(515) 207-0134
alan.ostergren@ostergrenlaw.com

-and-

Noah M. Schottenstein
Tex. Bar No. 24100661
*Admission Pro Hac Vice Pending*

**Stone Hilton PLLC**
301 Commerce St., Ste. 2360
Fort Worth, TX 76102
Telephone: (737) 701-6575
noah@stonehilton.com
*Attorneys for Plaintiffs Summit Healthcare Operating Partnership, L.P. and Fantasia Investment III, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026 a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

 /s/ *Alan R. Ostergren*
Alan R. Ostergren